UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY PHILIPPE,               )
   Plaintiff,                   )
                                )
vs.                             )   No. 20-1213
                                )
CORRECTIONAL OFFICER HARMS,     )
et. al.,                        )
   Defendants.                  )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, alleges Defendants Sergeant John Doe, Lieutenant John Doe, and Correctional Officers Harms, Tkach, and Prater violated his constitutional rights at Pontiac Correctional Center. Plaintiff suffers seizures due to epilepsy. On March 10, 2020, Plaintiff was moved to Gallery 1, Cell 22, which is the last cell at the end of the wing. The cell has a steel door instead of bars and the only way an officer can see in the cell is to look through a small opening with a flashlight. In addition, Plaintiff was not assigned a roommate and the cell did not have a panic button.

Plaintiff told Defendant Harms he could not be in the cell due to his seizures and he showed the Defendant his "medical permit" stating he was epileptic. (Comp., p. 5). Nonetheless, Plaintiff was left in the cell.

Plaintiff again alerted other officers including Defendant Prater that he should not be assigned to the cell because it was dangerous for him, but no action was taken.

On the morning of March 11, 2020, Plaintiff did not feel well when he woke up and felt he might have a seizure. Plaintiff yelled to Defendant Tkach to let him know. The officer heard Plaintiff yelling but took no action. About a half hour later, Plaintiff had a seizure. When it stopped, Plaintiff was on the floor of his cell and paralyzed from the neck down. Plaintiff said he yelled for an hour to get attention.

Defendants Harris and Tkach eventually responded and then called Defendants Lieutenant John Doe and Sergeant John Doe who "called a code and got the nurse there." (Comp., p. 6). Plaintiff was taken to the Health Care Unit where a doctor prescribed medication and moved Plaintiff to a medical cell. Plaintiff says he recovered over the course of the day and he was able to walk by late afternoon. The doctor released Plaintiff from the medical unit and told Plaintiff he could not be housed behind a steel door in the future. Instead, Plaintiff should only be in cells with bars and on the bottom floor. Plaintiff is requesting damages.

Plaintiff has adequately alleged the Defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. To prevail on his claim, Plaintiff will need to demonstrate two elements: "(1) he suffered from an objectively serious medical condition; and (2) the defendants knew about his

condition and the substantial risk of harm it posed, but disregarded that risk." *Fox v. Brown*, 2020 WL 5983180, at *11 (S.D.Ind. Oct. 8, 2020), *citing Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016). Plaintiff has alleged the Defendants knowingly kept him in a cell which was dangerous for his condition and did not provide proper monitoring during this time.

However, Plaintiff has not clearly stated a claim against each of the named Defendants. Plaintiff has alleged Correctional Officers Harms, Tkach, and Prater knew he was in the closed cell and knew he was epileptic. However, Plaintiff's only claims against the two John Doe Defendants is they were called to his cell and immediately notified the Health Care Unit that Plaintiff needed medical attention. Therefore, based on the claims in the complaint, neither Defendant was deliberately indifferent to Plaintiff's condition. The Court will dismiss both John Doe Defendants.

If Plaintiff had advised either the Sergeant or Lieutenant about his condition and his need to move cells before his seizure, he should file a proposed amended complaint including this information.[1]

The Court also notes Plaintiff says he has not completed the grievance process as required. *See* 42 U.S.C. 1997e(a). However, Plaintiff says he has exhausted all available administrative remedies because he filed three emergency grievances and did not receive any response. If appropriate, exhaustion is an issue better addressed in a motion for summary judgment.

---

[1] Any proposed amended complaint must stand complete on its own, include all claims against all Defendants, and must not refer to any previous complaint.

Plaintiff has also filed a motion asking for the Court to find an attorney to represent him. [2]. Plaintiff is advised he has no constitutional right to the appointment of counsel, and the Court cannot require an attorney to accept *pro bono* appointment in a civil case.

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff has provided a list of attorneys he has contacted without success. However, Plaintiff's complaint clearly states his claims and how the surviving Defendants were involved. Plaintiff will be able to obtain relevant medical records during discovery. Plaintiff should also be able to testify personally to his attempts to obtain help, the responses he received, and his seizure. All of which can be used to show evidence of deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference).

In addition, the Court will enter a scheduling order in this case after Defendants are served which provides information to assist a *pro se* litigant, and requires the exchange of initial, relevant discovery. Based on the evidence before the Court, Plaintiff's motion is denied.[4].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Correctional Officers Harms, Tkach, and Prater were deliberately indifferent to his serious medical condition, epilepsy, in violation of his Eighth Amendment rights on March 10-11, 2020. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

1**) Dismiss Defendants Lieutenant John Doe and Sergeant John Doe for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for appointment of counsel, [4]; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 30th day of October, 2020.


s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE